Good evening ladies and gentlemen and good morning to all. Mr. Arrington had made a claim for a 100% total disability rating under the provisions of 4.116 based upon his individual unemployability. Before the claimant's error, because they declined or they did not provide him under the duty to assist provision 5103A, a comprehensive examination where one examiner would opine on the collective or aggregate effect of the three service-related service connection conditions that he had. The Veterans Court rejected that claim saying that it was based upon a misunderstanding of the law because it was the rating official and not the medical examiner who weighs all of the evidence to determine the appropriate rating. While it's correct to say that the rating official is the one who ultimately weighs the evidence to determine what the correct and is that acts as the fact finder to determine what the correct rating should be, it begs the question of the evidence that is required for the rating official to make that determination. Our position is that in the circumstances of a veteran who claims 100% rating for disability based on his individual unemployability, based upon a number of different service-connected conditions that in order for the rating official to make the determination, they have to have an expert opinion that opines on the collective or aggregate effect. So you want a single doctor medical opinion to do this. Suppose that the veteran has eye problems for which he sees an ophthalmologist that renders him maybe partially blind or difficulty with depth perception. He sees an orthopedist for his very difficult knees. He sees a neurosurgeon because of a nerve in his back. Now which of these doctors is going to be capable of rendering an opinion with regard to the collective, all three very disparate conditions? The neurosurgeon is no ophthalmologist. The ophthalmologist doesn't know a darn thing about knees. So what kind of doctor is it? If that's the rule we're going to enact, that only a single medical opinion rendered by one doctor can be the kind of evidence that's used for this comprehensive exam that you seek. Which of those doctors doesn't? Well, in that particular case, I think it would, it will depend upon the collection of disabilities that they have, but the alternative is to let a rating official make that determination. Based upon the evidence provided by each of the specialists who are best positioned to be able to identify what the deficiencies in the person's ability level might be as a result of each individual disability. The premise of our argument... Wait, but why wouldn't the rating specialist be better to do it since actually the statute says... Essentially because he is not, he doesn't have the expertise that any medical professional would have, whether it's an ophthalmologist or whether it's a neurologist. Okay, I have a friend who's an ophthalmologist. My boys were playing lacrosse the other day. Some of them, one of the kids on the lacrosse team got hurt. I said, you're a doctor, go see if he's okay. She said, is there something wrong with his eyes? I said, no. She said, well, then he's out of luck. She didn't feel like she could go out and check his knee or anything else. Well, the question in this particular case, for instance, in this particular case, we have Mr. Arrington who has service-connected cervical condition. He has a service-connected left shoulder condition, and he has a service-connected PTSD condition. The question really is, and I would put it to you, that 4.16A, it implies that there are situations where you are going beyond the rating schedules. What I'd like to do is, for instance... Wait, wait, so is your position that legally, as a matter of law, whenever there are multiple disabilities or comorbidities, if you will, that you must have a medical opinion, or is your position that certain times, like where you've got multiple orthopedic and maybe a psychiatric one, that those are the kinds of cases where you could put them together? I believe that the position that we have announced in our briefing is that it is required in every case, because then you get to the question of... You might get to a subsequent question of whether the particular physician or medical person that was chosen to make this was competent to make it, but I could certainly live with a narrower holding that... But a narrower holding takes you outside of the scope of our jurisdictions, doesn't it? I mean, it's either something required as a matter of law, or something required in an individual case, wherein you have to talk yourself right out of court. Well, I do think that it is a question of law, because I do think that it is required in every case. And let me explain why I think it's required. In a normal case, when you have a knee disability, okay, and the veteran is sent to a doctor, the rating specialist is not making any medical determination on the effect of the limitations. It's not just a question of how the limitations affect his usual daily activities, but it is how it affects his ability to work. That's actually not true, counsel, because in many of these cases, there are conflicting evidence in the record on these points. A veteran has a knee injury. It's a TDIU claim. There may be private doctors, there may be lay testimony, and there might be a VA doctor. And this testimony might conflict. And the rating specialist is the one who, in the end, determines which one is correct. He is determining amongst several medical causation opinions, or expert medical opinions, different experts have come to different conclusions about the extent of the disability, or whether the disability exists. And there, yes, he has to choose as the fact finder, essentially, between those multiple conditions. But that's generally how it's done now, is it not? I'm trying to understand the difference in the statement of law that you now say is appropriate to enact, to say now that you must look at everything more broadly, or come back and take a second look, if there's more than one injury or disability of some sort, as a matter of law, because as we've pointed out, unless we're here establishing a matter of law, rather than weighing facts, this is not a question of law, because if the question of law is whether or not the duty to assist requires, essentially, an expert opinion on the ability of the veteran to work. Always, rather than sometimes. Always, when there are a combination, when the claim is being made under 4.16, because I want to differentiate 4.16 from the normal case. In Judge O'Connor, there are multiple experts that have opined on the extent of the disability, the conditions that the disability, the limitations of the disability that the veteran might suffer. What the rating specialist does then, it goes to a rating schedule, and it looks at the different areas where there are descriptions of the types of limitations on activity. The rating special, and I don't use this in a pejorative term, is essentially a prepackaged collection of expert opinions on the ability to work, or the extent of the impairment on the veteran, depending upon what their physical limitations or psychological limitations are. The rating official, what the rating official does is, it looks at the conditions that are there, and it makes a judgment call amongst conflicting, maybe conflicting evidence as to what those limitations are, as to what category they should fall into. And then it looks at the rating. And the rating that is assigned in the rating schedule is presumably one that has been done based upon medical evidence, and a determination to make the system fair for everybody, as to the extent of impairment of earning capacity that those particular conditions make. So how does that differ from what the board does now? You're saying that there should be someone qualified as an expert, as a specialist, rather than the members of the board who receive all of this information? Yes, I am, because neither the members of the board nor the rating specialists are qualified to render an expert opinion on the extent of the limitations on the person's ability to work. But going back to Judge Moore's original question, then, I could understand if what you were arguing here is that you needed a vocational specialist who would look and put all these factors together, but that argument has already been made, and we've already said that you don't need a vocational specialist in every single case. So you're saying that somebody has to be qualified to do this analysis, and you're just saying that you think any doctor is somewhat more qualified than the board, regardless of what their specialty is? Obviously they are, because they have medical background and training. I mean, if you take a psychiatrist, you're going to have some sort of medical background and training. I mean, again, you might – that system is better, even though there might not be one particular physician that is – well, they will be qualified in all those areas, more qualified than a rating official, as a rating official doesn't have that kind of medical training, because the Okay, so he has a cervical condition, and we know what kind of limitations on his daily activities that causes him. We know what kinds of limitations his left shoulder has. But what the question is, is does the cervical limitation, does that have any effect on the shoulder limitation? It might be a completely different question if you're talking about a cervical injury and an ankle injury. But in fairness to this rating official, this rating official didn't do the analysis. This rating official actually did undertake an analysis of putting all these things together. Do I think it rises to the level that would qualify? Well, as a fact of the matter, the rating official did not have an opinion with respect to either the cervical or the shoulder as to the effect on the veteran's ability to work. Those examiners only – they limited their activities. When it came time to set forth in the form as to the effect on his occupation or his ability to hold an occupation, it simply said not employed, because Mr. Arrington had been retired for some number of years. The only examiner who talked about his ability to work was the examiner who reexamined him for his PTSD. I understand that, but the rating official didn't then assume that because he wasn't employed that there would be no limitation on his employment. He did actually factor those other conditions into his analysis, did he not? He did, but I would also point out that another factor, and this was another part of the briefing that we did, is that the rating official, the board, the veterans court, and the secretary all rely on particular statements that Mr. Arrington made to the examiner for PTSD with respect to – he made some statements in there, because he had two non-service-related conditions, COPD and a left hip. Based upon the statements that he made to her during that examination, she attributed his inability, his limitations on his ability to work to those particular non-service-related conditions. All of the bodies focused on that particular issue, but what they overlooked is that in his application for TDIU and in his notice of disagreement, he both referred to his PTSD conditions as the basis for his particular claim. We know from the examiner that he could be unemployable because of non-service-connected conditions, but that begs the question of whether or not he is unable to work because of his service-related connections. Under 416, they have to make that determination, regardless of whether he might be disabled from working for these other conditions. What our argument is, is that they cannot make that determination without an expert opinion, an expert medical opinion that considers the combined and aggregate effect of all of these conditions on his ability to work. The other example that I didn't get finished when we were talking about Mr. Arrington is, what effect does his PTSD symptoms have on his ability to deal with his physical injuries in a place of employment? The answers to those questions, we do not have, and the rating official cannot answer those questions. Let's hear from the other side and see what they have to say on these points. We've used up almost all your rebuttal time, Mr. Sweet. Thank you, Your Honor. May it please the Court, this Court does not possess jurisdiction except over the narrow legal issue of whether 38 U.S.C. Section 5103A or the regulations require a single medical opinion addressing the combined effect of all disabilities in every case. That's the only issue that's on appeal. Your Honor, I believe that while he frames the issue that way in his jurisdictional statement, both the argument he raised here today, as well as in his briefs, goes well beyond that. He argues about whether an opinion is necessary, and there's a To be fair, he's telling us why there should be such a narrow legal ruling. But he's also arguing for the application of it, in this case, to require a medical opinion, which this Court does not possess jurisdiction over. If this Court's limited to I just worry about that, but it would be helpful if you'd respond to the main issue that he has raised, that there should be an overall rater of some sort. The question is not whether there should be a rater. The question is whether there's a legal requirement that there be a rater of a single opinion addressing the combined effect of all disabilities on employability. There's nothing in 5103A nor the regulations that mandates in every case a single opinion. On the contrary, the regulations create a clear division of labor between the medical examiner and the rating specialist. Under 38 CFR Section 4.1 and 4.10, it's the responsibility of the medical examiner to opine on specific issues regarding limitation on ordinary activities. Then under Sections 4.2 and 4.16A, it's the responsibility of the rating specialist to interpret those reports and to reconcile them into a complete picture regarding the combined effect of those disabilities on employability. Do you agree with his underlying premise that, at times, the whole is greater than the sum of its parts, so that there are times that, for instance, you have such a psychological problem that when you combine that with then physical problems, that putting the two together might make you less able to work than just taking one at a time? Absolutely. There will be individual cases where it's appropriate to have an additional opinion addressing combined effects to that extent, but that does not mean that there's a blanket rule that such an opinion is required in every single case. That is a case-by-case determination about whether an additional opinion is necessary, and that falls outside this court's jurisdiction. We don't know if that case-by-case determination was done here or not. I'm sorry, Your Honor? You say it's a case-by-case determination, but unless there's a rule that there must be a case-by-case determination, perhaps it doesn't get done at all. Well, Your Honor, in this case, the board did determine that the sum of the effects was not greater than the part, and that the current rating adequately addressed his disability. But it didn't make the assessment of whether perhaps another medical opinion would be appropriate. I believe that, yes, both the board and the Veterans Court determined that another opinion was not required because... Well, not required as a pure matter of law. No, they also determined that an opinion was not required because the existing opinions demonstrated that the service-connected disabilities did not render the veteran unemployable, and that any unemployability was due to the service-connected disability. So there was a determination in this case that that additional opinion was not required. What makes a rating official qualified to make these determinations, to put the various physical limitations together and make an assessment as to how they could affect someone's employability? In short, Your Honor, it's because that does not require medical expertise. Again, given the division of labor, what the medical opinion is designed to do is to determine based on the disability what are the limitations on ordinary activities, and that requires medical expertise. Then to determine based on those limitations whether and to what extent the veteran is employable, that's something that does not require medical expertise generally and is more suited to the determination of a generalist. Now, again, in an individual case, that rating specialist may say, wait a minute, I need another opinion here because this doesn't give me enough information to make that step from what are the limitations on ordinary activities to what is the impact on employability. But as a general blanket rule, that's not required in every case. And Section 4.2 of 38 CFR makes that clear. It indicates that, quote, it is the responsibility of the rating specialist to interpret reports of examination in the whole reported history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect elements of disability present. By referring to various reports, it clearly permits there to be more than one report. So if Your Honors, I have no further questions. I will rely on a brief. Thank you, Your Honor. Two very brief points, Your Honor. One with respect to jurisdiction. I'd say that this case is very similar to Smith versus Shinseki, where you determined, the question was whether or not the duty to assist required in every case a vocational rehabilitation or vocational assessment report. There you determined that you did have jurisdiction to determine that question. It wasn't left up to, it wasn't a question of whether or not the Secretary thought it was necessary in a given case or not necessary in a given case. The question was whether the scope of the duty entailed requiring that particular type of examination. And this is the same thing here. We're arguing that the scope of the duty requires a particular type of medical examination. The difference between the two cases, obviously, is that you decided no in Smith because there was no other, there's no reference to vocational assessments that were in any of the regulations. But there are plenty of references to medical opinions and examinations in the regulations here. I would also add very briefly that ordinarily, the scope of duty and the existence of a duty are questions of law, as a matter of common law. And I think that the way that this Court has applied that rule is consistent with that. And it's even more a question of law for the Court because the duty here is a statutorily defined duty. And it doesn't seem to make a whole lot of sense that Congress would impose a duty on the Secretary, but then leave it up to the Secretary to determine what the scope of that duty was. The second point that I briefly wanted to make was to emphasize that what the Secretary's position is, is that whether a veteran is unemployable does not require, due to his limitations, does not require expert opinion. And basically, what he's saying is that it doesn't require an expert opinion to determine whether or not a physical limitation renders somebody impaired or impairs their earning capacity or unable to work. That's what the crux of this case is about, is whether or not veterans under 4.116 will be evaluated with or without an expert opinion on their ability to work due to their limitations. Thank you, Mr. Bender and Mr. Sweet, the case is seconded to submission.